**Theresa DORMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. E91–0117(L)(C).**

United States District Court, S.D. Mississippi, E.D.

Jan. 4, 1993.

Lemuel A. Smith, U.S. Atty., Jackson, MS, for defendant.

Charles W. Wright, Palmer, Wright & Williams, Meridian, MS, for plaintiff.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiff Theresa Dorman filed this action against the United States of America on September 27, 1991 pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671–80, seeking to recover damages for injuries she sustained when she slipped and fell while using the Gin Creek Boat Landing at Okatibbee Reservoir in Lauderdale County, Mississippi. The landing, which consisted of a floating dock or pier from which one could reach steps on the shore by way of a gangplank, was owned and operated by the United States Army Corps of Engineers (Corps). And, according to the allegations of plaintiff's complaint, the Corps negligently constructed and maintained the landing in such a manner that it constituted a dangerous condition which the Corps failed to correct and of which it failed to warn plaintiff and other invitees. This cause is now before the court on the motion of the government for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded to the

motion and the court has considered the memoranda of authorities together with attachments submitted by the parties in ruling on the motion.

The parties agree that under the Federal Tort Claims Act, the government would be liable in a case such as this to the same extent as a private person would be under applicable state law. 28 U.S.C. § 2674. The question, therefore, is whether a private person could incur liability under Mississippi law based on the undisputed facts of record. In this regard, it is undisputed that the Okatibbee Reservoir, and more particularly the Gin Creek Boat Landing, was open to the public for use and recreation and that the plaintiff, on the date of her injury, was at the reservoir to fish. In order "to encourage persons to make available to the public land and water areas for outdoor recreational purposes," Miss.Code Ann. § 89–2–1, including swimming, boating and fishing, Miss.Code Ann. § 89–2–3, Mississippi has enacted "recreational land" laws which limit the landowner's liability exposure for injuries occurring when such land and water areas are opened for public use. These laws provide more specifically that, with certain limited exceptions, a landowner who opens his lands for recreational use by the public, so long as he charges no fee for entering or using the land or water outdoor recreational area and so long as he publishes once annually public notice of the availability of such lands for public use, "shall owe no duty of care to keep land or premises safe for entry or use by others for hunting, fishing, trapping, camping, water sports, hiking or sightseeing; and ... shall not be required to give any warning to any person entering on land or premises for [such recreational purposes] as to any hazardous conditions or uses of, or hazardous structures or activities on such land or premises." Miss.Code Ann. § 89–2–23. Further, a landowner who grants permission to another person to engage in any of these recreational activities on his land or premises

shall not, by the sole act of giving such permission, be considered or construed to have:

(a) Extended any assurance that the premises are safe for such purposes;

(b) Caused the person to whom permission has been granted to be constituted the legal status of an invitee to whom a duty of care is owed; or

(c) Assumed responsibility or liability for any injury to such person or his property caused by any act of such person to whom permission has been granted....

Miss.Code.Ann. § 89–2–25.

■ In the case at bar, plaintiff has admitted that the United States did not charge a fee and that she did not pay any admission price or fee for her fishing activities, though she points out that she had paid a fee to obtain a fishing license from the State of Mississippi.[1] Further, the government has presented proof that it published the requisite public notification of the availability of the land for public use.[2]

■ Despite the above quoted provisions, plaintiff insists that she was a licensee on the property on the date of her injury. And she argues that while the general rule in Mississippi is that a landowner owes a duty only to refrain from willful or wanton negligence, the standard

---

**1.** That plaintiff had paid a fee to secure a fishing license from the state is clearly irrelevant to the issues presented in this case. She was required to obtain a fishing license as a prerequisite to her fishing at virtually any location in the entire state of Mississippi. What is relevant is that she was not charged any fee for her fishing activities at the Okatibbee Lake facility on the date in question.

**2.** Plaintiff insists that the notice requirements of § 89–2–1 were not complied with, inasmuch as the notice presented by the government "does not properly identify the class of people, of

which the Plaintiff is one, is too broad in scope and unconstitutionally vague, does not properly place notice to Plaintiff concerning the limitation of liability." Plaintiff, however, has cited no authority for her position that the notice is inadequate, and the notice clearly complies with the mandate of the statute, which requires only that "public notice of the availability of such lands for such public use shall have been published once annually in a newspaper of general circulation in the county where such lands are situated."

applicable under the facts presented is one of "simple negligence" since the government was actively negligent in creating a dangerous condition and since the government knew of the presence of licensees on the premises.[3] Plaintiff's position is without merit. Though the Mississippi Supreme Court has extended a landowner's common law duty of care to a licensee to include "active negligence ... when the presence of the licensee is known," *see Dumas v. Pike County*, 642 F.Supp. 131, 138 (S.D.Miss.1986) (Mississippi has created "simple negligence" exception to general rule regarding landowner's duty to licensee which applies against a landowner whose active negligence subjects a licensee to unusual danger when the presence of the licensee is known), that expansion of the state's common law simply does not apply in the face of a legislative enactment, the specific purpose of which was to limit or eliminate any duty of care in the circumstances here presented. The subject statutes impose on landowners such as the government in this case "*no* duty of care" to keep the land or premises safe and relieve the landowner of any duty to give a warning of dangerous conditions on or uses of the land. Miss.Code.Ann. § 89-2-23.[4] Further, § 89-2-25 would appear on its face to belie plaintiff's claim that she is a licensee. Miss.Code Ann. § 89-2-25 ("Any landowner who gives permission to another person to ... fish ... shall not, by that sole act ... be considered or construed to have: ... (b) Caused the person to whom permission has been granted to be consti-

tuted to the legal status of an invitee to whom a duty of care is owed....").

Plaintiff also argues that the government "expanded its responsibility" by the "discretionary function" of placing a floating dock in the area of the Gin Creek Boat Landing. Plaintiff's reliance on the "discretionary function" exception of the Federal Tort Claims Act is misplaced as the discretionary function exception is not a basis for the government's liability, but an exception to its liability. Under the Federal Tort Claims Act, as observed *supra*, the United States shall be liable respecting tort claims "in the same manner and to the same extent as a private individual under like circumstances." A number of exceptions to this rule are set forth in 28 U.S.C. § 2680, including the "discretionary function exception," which provides that the government will not be liable for claims based upon an act or omission of an employee of the government "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty...." In *Denham v. United States*, 646 F.Supp. 1021 (W.D.Tex.1986), a case relied on by plaintiff in support of her claim of liability, the court held that after an initial discretionary decision had been made to create a designated swimming area at a park facility, the government's subsequent negligence in carrying out that decision was actionable. The claim was not barred by the "discretionary function" exception. Just as in *Denham*, the plaintiff's claim in this case is not barred by the

---

**3.** Plaintiff has not alleged "willful or wanton" negligence by the government; she has alleged only "simple negligence."

**4.** The only exceptions to the limitations of liability set forth *supra* are found at § 89-2-5, which provides that a landowner under this chapter is not relieved of liability "for deliberate, willful or malicious injury to persons or property," and § 89-2-27, which provides that there is no limit to liability which would otherwise exist for:
(a) Willful or malicious failure to guard or warn against a hazardous condition, use, structure or activity;
(b) Injuries suffered in any case where permission to hunt, fish, trap, camp, hike, sightsee or engage in any other lawful activity was

granted for a consideration other than the consideration, if any, paid to the landowner by the State of Mississippi, the federal government, or any other governmental agency; or
(c) Injuries to third persons or to persons to whom the landowner owed a duty to keep the land or premises safe or to warn of danger, which injuries were caused by acts of persons to whom permission to hunt, fish, camp, hike, sightsee or engage in any other lawful activity was granted.
Though plaintiff quotes each of these exceptions and declares that "there are material issues of fact that would not limit liability," she has not *suggested* how any one of these exceptions could possibly apply to this case and in the court's opinion, it is clear that none could.

discretionary function exception.[5] Her claim is, however, barred by the recreational use laws of the State of Mississippi, a circumstance not present in *Denham.*

Based on the foregoing, it is ordered that the government's motion for summary judgment is granted.

ORDERED.

---

**5.** Indeed, the government has not contended that the claim would be barred by the "discretionary function" exception. The government has not raised that exception as a defense to liability.